UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STONETILE CANADA LTD.,  )
                          )   CASE NO. C06-1546RSM
        Plaintiff, )
                          )   ORDER GRANTING MOTION
     v.                           )   TO TRANSFER VENUE
                          )
CASTIA STONE, INC., and JOHN DOES )
1-10,000, )
                          )
       Defendants. )
_____)

## I. INTRODUCTION

This matter comes before the Court on defendant Castia Stone, Inc.'s ("Castia") motion for change of venue. (Dkt. #5). Defendant argues that this case should be transferred to the United States District Court for the District of Oregon (Portland) in the interest of justice and for the convenience of the parties. Plaintiff opposes the motion, and asserts that Oregon is not more convenient and its choice of forum should be given great weight. (Dkt. #10). For the reasons set forth below, the Court disagrees with plaintiff and GRANTS defendant's motion for transfer of venue.

## II. DISCUSSION

**A. Standard of Review**

A district court may transfer a civil action "for the convenience of parties and witnesses [and] in the interest of justice . . . to any other district or division where it might have been

ORDER RE: VENUE
PAGE – 1

brought." 28 U.S.C. § 1404(a).  The  moving party bears the burden of showing that jurisdiction and proper venue would exist in the district to which a transfer is requested. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).  The district court has broad discretion to consider case-specific circumstances. *Deputy v. Long-Term Disability Plan of Sponsor Aventis Pharms.*, 2002 U.S. Dist. LEXIS 22583, at *5 (N.D. Cal. Nov. 21, 2002) (Henderson, J.).

When determining whether a transfer is proper, this Court employs a two-step analysis. First, the Court considers the threshold question of whether the case might have been brought in the forum to which the transfer is sought. *See Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985).  If the Court concludes that venue is proper in the transferee court, it then balances the plaintiff's interest to freely choose a litigation forum against considerations of convenience of defendant and witnesses and the interest of justice. *See id.*  As part of that inquiry:

> the court should consider private and public interest factors affecting the convenience of the forum.  Private factors include the 'relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.' Public factors include 'the administrative difficulties flowing from court congestion; the "local interest in having localized controversies decided at home"; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.'

*Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (citations omitted).

**B. Analysis**

Defendant argues that trying this case in the District of Oregon (Portland) serves the interest of justice because there are minimal ties between the State of Washington and either of the parties, it has an established business in Oregon, and therefore the District of Oregon has an interest in this litigation, many of the witnesses and documents are located in Oregon, and the

only tie that plaintiff has to Washington is its choice of counsel, who is located in Seattle. In opposition of the motion to transfer, plaintiff argues that transfer is inappropriate because it has chosen a proper forum for its case, great weight should be lent to that choice of forum, and defendant has not shown that transfer to Oregon is more convenient to the parties and witnesses.

Although both the Western District of Washington and the District of Oregon are both appropriate venues, the Court now finds, as further explained below, that plaintiff's interest in having the Western District of Washington as a litigation forum is outweighed by the interest of justice in this case. Defendant has met its burden for transfer of the instant action.

*1. Action Could Have Been Brought in Transferee Forum*

Before the Court may transfer a case pursuant to 28 U.S.C. § 1404(a), it must determine that the transferee court will be a proper venue. Here, defendant asserts that this action could have been brought in the District of Oregon because its principal place of business is located in that District, and all federal district courts have subject matter jurisdiction over patent disputes. Plaintiff does not dispute that assertion. Accordingly, the Court agrees that this action could have been properly brought in the District of Oregon.

*2. Convenience and Interests of Justice*

As noted above, once this Court determines that this case could have been brought in the transferee forum, the Court must then weigh plaintiff's choice of forum against the convenience of defendant and the witnesses and the interests of justice.

A plaintiff's choice of forum is typically afforded substantial weight in the Court's balancing test. *Decker Coal*, 805 F.2d at 843. Indeed, "it is incumbent upon the moving party to demonstrate 'a strong case for a transfer' by showing that the interests of justice and of the parties will be served most fairly and efficiently in the transferee forum. Where the court finds that the relevant factors balance equally, the plaintiff is entitled to his choice of forum." *Snyder v. Madera Broadcasting, Inc.*, 872 F. Supp. 1191, 1199 (E.D.N.Y. 2003) (citations and internal quotation omitted).

ORDER RE: VENUE
PAGE – 3

Based on the record before it, this Court finds that defendant has demonstrated the interests of justice and of the parties will be served most fairly and efficiently in the transferee forum. First, the Court finds no inconvenience in requiring plaintiff to litigate the instant action in Oregon. Plaintiff is located in Alberta, Canada. Therefore, plaintiff will be required to travel a significant distance to litigate regardless of whether that litigation takes place in Washington or Oregon. Moreover, since plaintiff is not a resident of its chosen forum state, that choice is given little deference. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256 (1982).

Furthermore, it appears that convenience of the witnesses favors the Oregon venue. Both parties have identified witnesses that are located either in Alberta, Canada or the Portland area. Since plaintiff chose to bring this litigation in a forum where it does not reside, it cannot genuinely argue that it would be more inconvenient for its witnesses to travel to Oregon rather than Washington, especially in light of the fact that either venue would require significant travel of more than 600 miles. Yet transfer to the Oregon venue would greatly increase the convenience for defendant's Portland-based witnesses.

In addition, the allegedly infringing events are centered in Portland, Oregon. In patent cases, the courts prefer such a forum. *See Amazon.com v. Cendant Corp.*, 404 F. Supp.2d 1256, 1260 (W.D. Wash. 2005). Oregon is where defendant makes the allegedly infringing product, and that is where approximately 70% of the allegedly infringing product is located. While sales of the product do take place in Washington, no other sources of proof appear to be located here. Indeed, defendant's corporate documents, sales documents, engineering drawings and other business records all appear to be located in Portland, Oregon. Plaintiff has not identified any source of proof to the contrary.

Finally, defendant provides evidence that the United States District Court for the District of Oregon is less congested and has a slightly shorter median time to trial. While the Court acknowledges that the difference between the two forums is negligible, this factor also weighs in favor of transfer.

ORDER RE: VENUE
PAGE – 4

1   For all of these reasons the Court finds transfer to the District of Oregon (Portland) appropriate.[1]

### III. CONCLUSION

Having reviewed defendant's motion for transfer, plaintiff's opposition to that motion, defendant's reply in support, the declarations in support of those briefs, and the balance of the record, the Court does hereby find and ORDER:

(1) Defendant's Motion for Change of Venue (Dkt. #5) is GRANTED.

(2) This case is hereby TRANSFERRED to the District of Oregon (Portland), pursuant to 28 U.S.C. § 1404(a).

(3) The Clerk is directed to CLOSE this case and transfer all original documents to the District of Oregon. The Clerk shall also send a copy of this Order to all counsel of record.

DATED this 21st day of December, 2006.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

---

[1] Both parties note that there is no related litigation in the transferee forum, and both venues are equally familiar with the controlling law.

ORDER RE: VENUE
PAGE – 5